[No. 1414.]

JACOB SPRINGER, PLAINTIFF AND RESPONDENT, *v.* W. L. PRITCHARD AND LIZZIE PRITCHARD, DEFENDANTS AND APPELLANTS.

1—FINDINGS—BASED ON CONTRADICTORY EVIDENCE NOT TO BE DISTURBED THOUGH ONLY IN JUDGMENT.—Where on an issue as to

whether certain fraudulent representations were made on a sale the vendee and a witness to the conversation testified that they were made, and the vendor denied having made them: *Held*, that in the absence of a finding that they were made, the appellate court must adopt the conclusion of the trial court as shown by the judgment that the fraudulent representations were not established.

2—EXCEPTIONS TO EVIDENCE NOT IN RECORD ON APPEAL NOT TO BE REVIEWED—Exceptions to the exclusion of evidence cannot be reviewed where the excluded evidence is not brought up.

3—TITLE—EVIDENCE OF IN THIRD PARTY—INADMISSIBLE.—On an issue as to whether the title to water conveyed by plaintiff was in him evidence of deeds by third persons conveying the same water is inadmissible.

4—PAYMENT—ERROR IN APPLYING ON ONE OF SEVERAL NOTES SUED ON BETWEEN SAME PARTIES IMMATERIAL—Where in an action to recover on several promissory notes, defendants being liable on all of them, an error in applying a partial payment on either particular note is immaterial.

APPEAL from judgment and order denying motion for new trial, from the District Court, Churchill county; *A. E. Cheney*, District Judge.

The facts are stated in the opinion.

*Curler & Curler*, for Appellants:

The motion for a new trial was made upon the grounds: (1) Insufficiency of the evidence to justify the decision of the court and that the same is against law. (2) Errors of law occurring at the trial and excepted to by the defendants.

There were no findings of fact or conclusions of law other than the written decision of the court filed in this case. [Here follows several pages of argument on facts.]

The decision of the court is contrary to the evidence and against law in this: The court, in its decision, finds that in making examination, execution and delivery of the bond, made after Pritchard received the notice from Brown, with respect to the water, there was no fraud, concealment, misrepresentation or bad faith, and because there was no fraud in the execution of this bond it was conclusive of the whole matter. This proposition cannot be law, neither do we think this finding borne out by the proof.

The false assertion of a fact, going to the essence of a contract, by which a person is induced to act to his damage, is fraud. (*Banta* v. *Savage*, 12 Nev. 151; *Jenkins* v. *Long,* 18

Am. Dec. 374; *Mitchell* v. *Zimmerman,* 51 Am. Dec. 717;
*Waters* v. *Mattingly,* 4 Am. Dec. 631; *Wyman* v. *Allen,* 32
Am. Rep. 562; *Culver* v. *Avery,* 7 Wend. 380.) And this is
so notwithstanding the contract was in writing and the repre-
sentations were verbal, and the showing of fraud is a com-
plete defense to an action upon the contract. (*Newman* v.
*Smith,* 77 Cal. 22; *Bryson* v. *Bryson,* 75 Cal. 525; *Elsass* v.
*Institute,* 77 Ind. 72; *Mitchell* v. *Kintzer,* 7 Pa. St. 216; *Mal-
lory* v. *Leach,* 35 Vt. 156; *Bean* v. *Herrick,* 12 Me. 262; *Read*
v. *Cramer,* 34 Am. Dec. 204.) A general rule of fraud in an
action on a promissory note is good. (*Hildreth* v. *Tomlinson,*
50 Am. Dec. 510.)

The issue of fraud having been raised by the pleadings,
the defendants were entitled to a full presentation of the
case upon that point, and the court should have permitted
all of the testimony bearing upon the question of fraud, and
this is especially so where the court rendered its decision
upon that question, and it was manifest error in the court
to exclude the testimony upon the title to the ditch and
the water conveyed thereby, also the notice from Brown to
Pritchard, the deed from George E. Brown to W. J. Bran-
don, the deed from W. J. Brandon to W. L. Pritchard, the
deed from John P. Brown to H. C. Ackley and the records
of Churchill county, statement of water claims wherein
Brandon and Brown filed sworn statements setting forth
that they and each of them were the owners of an undi-
vided one-half interest in the water ditch and water right in
question.

*Robert M. Clarke,* for Respondent:

This action is upon three promissory notes, two made by
appellants in favor of respondent and one made by appel-
lants in favor of W. J. Brandon and by Brandon assigned
to respondent. The notes made in favor of respondent were
given for the balance of the purchase money for land and
water ditch and water right described in the complaint, and
are set out in the bond for a deed made by respondent in
favor of appellants. These notes are sought to be defeated
upon the ground that Springer was not the owner of the
water ditch and water rights described in the bond, and
that the bond is fraudulent. The court below rendered its

decision particularly finding the issue of fraud against appellants. Springer was in fact the owner of the premises described in the bond and deed. Pritchard, when he purchased, well knew that Springer's title was questioned.

The proofs do not support the issue of fraud; on the contrary all the testimony shows that the bond was fairly made and expressed the true understanding of the parties. As the deed conformed to the bond and the bond to the agreement, as there was no fraud, as Pritchard has been in the peaceable possession and enjoyment of the premises, not having been disturbed, the notes being overdue and payment refused, there would seem to be no good reason why respondent should not prevail. Respondent is entitled to recover upon all the notes, therefore it is not material upon which note the $500 payment was credited; Pritchard having given no direction as to the application of the payment, Springer had the option to apply it where he pleased.

It was not error to deny Pritchard's offer to show title to the ditch in Brandon and Brown. Springer never agreed to convey a perfect title to Pritchard; on the contrary his agreement was to convey his interest merely.

Pritchard being in possession and full enjoyment of the premises in question he could not retain the premises and defeat recovery upon the pretext that the title was outstanding in Brandon or Brown because Brandon and Brown made a claim against the title of respondent.

By the Court, BELKNAP, J.:

The complaint consists of two causes of action. The first is upon two promissory notes given to the plaintiff in part payment of a tract of land and water right. The second is upon a promissory note made payable by the defendants, to the order of W. J. Brandon, and by him indorsed to the plaintiff. The answer, among other things, alleges that respondent made false and fraudulent representations concerning the title to the water, and thereby induced the defendants to purchase the property. The false representations were that he was the owner of a third interest in the water, when in fact he did not own any interest in it. Defendants seek to avoid payment of the two notes mentioned in the first cause of action for this reason.

Opinion of the Court—Belknap, J.

The defense to the second cause of action is that a payment of $500 made on the Brandon note was erroneously credited upon one of the notes mentioned in the first cause of action. Correcting that mistake, it is claimed that this note has been paid, except a small balance of interest. The case was tried by the court, without a jury. Judgment was rendered for respondent. No written findings were filed.

The principal question was whether or not the representations were false and fraudulent. Upon this subject, Pritchard testified that, before the sale was made, plaintiff told him that he owned a third interest in the water ditch and water; and Snyder, the only witness to the conversation, other than the parties themselves, corroborated his testimony. But Springer denied it. His testimony was that he only agreed to sell his interest as he had acquired it from his grantor. This statement shows that a substantial conflict existed in the evidence, and, in the absence of a finding to the contrary, we must adopt the conclusion reached by the district court that the fraudulent representations were not established. In this view of the case, the defense upon the ground of fraud having failed, and the defendants being liable for all of the notes, it is immaterial upon which note the payment of $500 was made.

There were exceptions to the exclusion of evidence, but the evidence to which they relate has not been brought up, so that we cannot determine whether it was admissible. Several deeds made by persons not connected with the parties to this action were offered for the purpose of proving that the title to the water was not in respondent. These deeds were not competent evidence to prove that he did not own the water, for the reason that they were transactions between third persons, with which respondent had nothing to do.

Judgment and order affirmed.