IN THE SUPREME COURT OF THE STATE OF NEVADA

STANLEY EARNEST RIMER,
Appellant,
vs.
DOUGLAS HERNDON; MICHAEL
DOUGLAS; MARC DIGIACOMO;
JEROME TAO; DAVID STANTON;
JAMES HARDESTY; ABBI SILVER;
RON PARRAGUIRRE; MICHAEL
GIBBONS; LUCINDA COUMOU; ADAM
LAXALT; STEVEN WOLFSON; AND
JAMES E. WILSON,
Respondents.

No. 78437

FILED

OCT 09 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a complaint.[1] First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant Stanley Earnest Rimer filed a complaint against respondents alleging that they violated their oaths and ignored binding legal authority during his criminal and postconviction proceedings. He alleged that respondents conspired together and committed seditious acts and malfeasance in acquiring and upholding his criminal conviction, resulting in his unlawful imprisonment and depriving him of due process and equal protection of the law. Rimer sought an order directing the Legislature to initiate impeachment proceedings against respondents. Over Rimer's opposition, the district court dismissed the complaint for failure to state a claim upon which relief could be granted.

---

[1]Having considered appellant's pro se brief, we conclude that a response is not necessary, NRAP 46A(c), and that oral argument is not warranted, NRAP 34(f)(3). We have decided this appeal based on the pro se brief and the record.

20-37202

Rimer argues that his complaint should not have been dismissed because he demonstrated that respondents' allegedly unlawful acts warrant impeachment. We review de novo an order granting a motion to dismiss for failure to state a claim under NRCP 12(b)(5). *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008); *see also Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 256, 321 P.3d 912, 914 (2014). We accept all factual allegations in the complaint as true and draw all inferences in the plaintiff's favor, and we will affirm "only if it appears beyond a doubt that [the plaintiff] could prove no set of facts, which, if true, would entitle [him] to relief." *Buzz Stew*, 124 Nev. at 228, 181 P.3d at 672.

We conclude that the district court did not err in dismissing the complaint. The relief that Rimer sought—impeachment of respondents—could not be granted by the district court, as the power of impeachment expressly lies with the Legislature. Nev. Const. art. VII, § 1; *N. Lake Tahoe Fire v. Washoe Cty. Comm'rs*, 129 Nev. 682, 687-88, 310 P.3d 583, 587 (2013) (discussing the nonjusticiability of cases under the political question doctrine). Thus, the district court properly found that Rimer's complaint failed to state a claim upon which relief could be granted.

To the extent that his claims could be construed as seeking to impose liability on respondents for their roles in his allegedly unconstitutional conviction and imprisonment, these claims were barred because success on them would necessarily imply that his conviction and sentence had been invalidated or overturned, which he did not allege had occurred. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). And, to the extent that his claims could be construed as seeking to attack his conviction or sentence, a postconviction petition for a writ of habeas corpus was the

proper avenue for raising those claims. *See Harris v. State*, 130 Nev. 435, 437, 329 P.3d 619, 621 (2014).

As to Rimer's argument that he should have been allowed to amend his complaint to add additional parties, he does not demonstrate that amendment would have saved the complaint, given that his claims were not cognizable. *Gardner v. Eighth Judicial Dist. Court*, 133 Nev. 730, 732, 405 P.3d 651, 654 (2017) (stating that leave to amend a complaint need not be given where the amendment would be futile). We have considered Rimer's remaining arguments on appeal and conclude that they are without merit or lack cogency. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (declining to consider issues that are not supported by cogent argument). Based on the foregoing, we conclude that the district court properly dismissed the complaint. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Stiglich

_____, J.          _____, D.J.
Cadish                                 Kacin

_____, D.J.         _____, D.J.
Montero                                Walker

[2]Chief Justice Kristina Pickering and Justices Mark Gibbons, James W. Hardesty, Ron D. Parraguirre, and Abbi Silver, voluntarily recused themselves from participation in the decision of this matter. The Governor then appointed district court judges Alvin Kacin, Michael Montero, and Egan Walker, to sit on this case.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. James Todd Russell, District Judge
Stanley Earnest Rimer
Attorney General/Carson City
Attorney General/Las Vegas
Carson City Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

4

proper avenue for raising those claims. *See Harris v. State*, 130 Nev. 435, 437, 329 P.3d 619, 621 (2014).

As to Rimer's argument that he should have been allowed to amend his complaint to add additional parties, he does not demonstrate that amendment would have saved the complaint, given that his claims were not cognizable. *Gardner v. Eighth Judicial Dist. Court*, 133 Nev. 730, 732, 405 P.3d 651, 654 (2017) (stating that leave to amend a complaint need not be given where the amendment would be futile). We have considered Rimer's remaining arguments on appeal and conclude that they are without merit or lack cogency. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (declining to consider issues that are not supported by cogent argument). Based on the foregoing, we conclude that the district court properly dismissed the complaint. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Stiglich

_____, J.
Cadish

_____, D.J.
Kacin

_____, D.J.
Montero

_____, D.J.
Walker

---

[2]Chief Justice Kristina Pickering and Justices Mark Gibbons, James W. Hardesty, Ron D. Parraguirre, and Abbi Silver, voluntarily recused themselves from participation in the decision of this matter. The Governor then appointed district court judges Alvin Kacin, Michael Montero, and Egan Walker, to sit on this case.

SUPREME COURT
OF
NEVADA

(O) 1947A

proper avenue for raising those claims. *See Harris v. State*, 130 Nev. 435, 437, 329 P.3d 619, 621 (2014).

As to Rimer's argument that he should have been allowed to amend his complaint to add additional parties, he does not demonstrate that amendment would have saved the complaint, given that his claims were not cognizable. *Gardner v. Eighth Judicial Dist. Court*, 133 Nev. 730, 732, 405 P.3d 651, 654 (2017) (stating that leave to amend a complaint need not be given where the amendment would be futile). We have considered Rimer's remaining arguments on appeal and conclude that they are without merit or lack cogency. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (declining to consider issues that are not supported by cogent argument). Based on the foregoing, we conclude that the district court properly dismissed the complaint. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Stiglich

_____, J.                    _____, D.J.
Cadish                                          Kacin

_____, D.J.                   _____, D.J.
Montero                                         Walker

---

[2]Chief Justice Kristina Pickering and Justices Mark Gibbons, James W. Hardesty, Ron D. Parraguirre, and Abbi Silver, voluntarily recused themselves from participation in the decision of this matter. The Governor then appointed district court judges Alvin Kacin, Michael Montero, and Egan Walker, to sit on this case.

Supreme Court
of
Nevada

(O) 1947A

3

proper avenue for raising those claims. *See Harris v. State*, 130 Nev. 435, 437, 329 P.3d 619, 621 (2014).

As to Rimer's argument that he should have been allowed to amend his complaint to add additional parties, he does not demonstrate that amendment would have saved the complaint, given that his claims were not cognizable. *Gardner v. Eighth Judicial Dist. Court*, 133 Nev. 730, 732, 405 P.3d 651, 654 (2017) (stating that leave to amend a complaint need not be given where the amendment would be futile). We have considered Rimer's remaining arguments on appeal and conclude that they are without merit or lack cogency. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (declining to consider issues that are not supported by cogent argument). Based on the foregoing, we conclude that the district court properly dismissed the complaint. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Stiglich

_____, J.                    _____, D.J.
Cadish                                          Kacin

_____, D.J.                   _____, D.J.
Montero                                         Walker

---

[2]Chief Justice Kristina Pickering and Justices Mark Gibbons, James W. Hardesty, Ron D. Parraguirre, and Abbi Silver, voluntarily recused themselves from participation in the decision of this matter. The Governor then appointed district court judges Alvin Kacin, Michael Montero, and Egan Walker, to sit on this case.

SUPREME COURT
OF
NEVADA

(O) 1947A

3